UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAMMEY RAY WILLENBRINK, | : | Case No. 1:22-cv-115 |
| Petitioner, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, MADISON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. The matter is awaiting an answer from Respondent, which is currently due on September 15, 2022. (*See* Second Order for Answer, Doc. 8; Notation Order Granting Motion for Extension of Time, Doc. 11).

The matter is currently before the Court on Petitioner's motion for default judgment under Fed. R. Civ. P. 55. (Doc. 9). Petitioner notes that Respondent did not file an Answer as initially ordered by this Court. (*Id.*; *see also* First Order for Answer, Doc. 7). Respondent has not filed a response to the motion.

It is not clear why Respondent did not file an answer as initially ordered. However, "[d]efault judgments are not available in federal habeas corpus cases as the writ of habeas corpus does not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *superseded on other grounds by statute as stated in, Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987); *Jackson v. Lazaroff*, No. 1:16-cv-2072, 2017 WL 3098578, at *2 (N.D. Ohio June 13, 2017), *report and*

*recommendation adopted*, 2017 WL 3088252 (N.D. Ohio July 19, 2017) (recommending denial of a motion for default judgment); *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) ("A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition."); *Mapp v. Ohio*, No. 2:12-cv-1039, 2013 WL 4458838, at *1 (S.D. Ohio Aug. 20, 2013) (quoting *Ruff v. Jackson*, No. 1:04-cv-14, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005) (even if respondent failed to timely respond to the Petition, default judgment would not be appropriate, as that "relief that is unavailable in habeas corpus proceedings.").

The Undersigned therefore **RECOMMENDS** that the Court **DENY** Petitioner's motion for default judgment. (Doc. 9).

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: August 22, 2022

/s/ *Karen L. Litkovitz*
KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE