# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMMEY RAY WILLENBRINK,

        Petitioner,    :    Case No. 1:22-cv-115

- vs -

        District Judge Matthew W. McFarland
        Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

        Respondent.    :

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Jammey Willenbrink under 28 U.S.C. § 2254. It is ripe for decision on the merits on the Combined Petition (ECF No. 14), the State Court Record (ECF No. 19), and the Return of Writ (ECF No. 20). Although Chief Magistrate Judge Litkovitz, to whom this case was originally referred, set a reply deadline of twenty-one days after the Return of Writ was filed (ECF No. 7, PageID 78), Petitioner has neither filed a reply nor sought an extension of time to do so.

**Litigation History**

On March 2, 2018, the Hamilton County Grand Jury indicted Willenbrink in case number B-1801074-A, charging him with five counts of rape with a victim less than thirteen years old in violation of Ohio Revised Code § 2907.02(A)(1)(b) (Counts 1, 2, 3, 4, and 7); eighteen counts of rape in violation

1

of Ohio Revised Code § 2907.02(A)(2); (Counts 5, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, and 40); and eighteen counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5) (Counts 6, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, and 41). (State Court Record, Exhibit 1, Indictment; ECF No. 19, PageID 153). After plea negotiations, Willenbrink pleaded guilty to six counts of rape (Counts 5, 12, 18, 28, 30 and 38) and eight counts of sexual battery (Counts 6, 9, 11, 15, 17, 21, 37, and 41). The remaining counts were to be dismissed. (State Court Record, Exhibit 11, Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty; ECF No. 19, PageID 190). Willenbrink was then sentenced to an aggregate term of forty-five years imprisonment.

With new counsel, Willenbrink appealed to the Ohio First District Court of Appeals. Counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The appellate court agreed and affirmed. *State v. Willenbrink,* 2020-Ohio-6715 (Ohio App. 1st Dist. Dec. 16, 2020). Although the Oho Supreme Court granted Willenbrink a delayed appeal, it declined to exercise jurisdiction. *State v. Willenbrink*, 164 Ohio St.3d 1447 (2021).

Willenbrink moved to withdraw his guilty plea as not voluntarily made. The trial court denied the motion and he did not appeal. On November 4, 2021, Willenbrink filed an application to reopen his direct appeal under Ohio App. Rule 26(B). He alleged ineffective assistance of counsel for failing to raise the following assignments of error:

> 1. The Appellant's Plea of Guilty was not Intelligently, Knowingly, or Voluntarily made
>
> 2. The trial court denied Appellant his Due Process by accepting his plea of guilty while Appellant was heavily sedated on Medication
>
> 3. The filing of the *Anders* Brief on appeal by his appellate counsel denied Appellant his due process right to be heard on appeal
>
> 4. Appellant's trial counsel was ineffective by not objecting to preserve as error on appeal the court accepting Appellant's plea

2

> of guilty where county jail documentation show Appellant was on medication that rendered him incapable of entering into a voluntary, and intelligently made plea
>
> 5. Appellant's sentence is contrary to law

(State Court Record, ECF No. 19, Ex. 31). The First District denied the Application as untimely without any explanation offered. *Id.* at Ex. 33. Willenbrink did not appeal to the Ohio Supreme Court, but filed a new 26(B) Application which was denied on the same basis; again he did not appeal.

Willenbrink's Combined Petition pleads the following grounds for habeas corpus relief:

> **Ground One**: The appellant's plea of guilty was not intelligently, knowingly, or voluntarily made.
>
> **Ground Two**: The trial court denied appellant his due process by accepting his plea of guilty while he was heavily sedated on medication.
>
> **Ground Three**: The filing of the *Anders* brief on appeal by his appellate counsel denied appellant his due process right to be heard on appeal.
>
> **Ground Four**: Ineffective assistance of counsel by failure to object and preserve error for appeal and accepting a plea from his medication incapable [sic] client
>
> **Ground Five**: Appellant's sentence is contrary to law.
>
> **Ground Six**: Constitutional claim of ineffective assistance of counsel (pre-trial and appellant [sic] counsel)
>
> **Ground Seven**: *Brady* violation
>
> **Ground Eight**: Actual innocence

(Combined Petition, ECF No. 14).

3

## Analysis

Although Willenbrink has pleaded eight Grounds for Relief separately, they revolve around his claim that his guilty plea was not knowing, intelligent, and voluntary because he was medicated to the point where he was incapable of making a valid guilty plea. Thus he seeks habeas relief because the trial judge improperly accepted the plea (Grounds One and Two), he received ineffective assistance of trial counsel because his trial attorney did not object to his pleading guilty in that state (Ground Four), his sentences are contrary to law because he was incapable of entering a valid guilty plea (Ground Five), and he received ineffective assistance of trial and appellate counsel when they did not raise this issue (Grounds Three and Six). Because they share a common factual basis, these grounds are discussed together.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

4

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

      Willenbrink claims he was incapable of entering a valid guilty plea because of medication he was on at the time of the plea. On March 20, 2019, Willenbrink appeared before Judge Ethna Cooper to enter his guilty pleas pursuant to the plea agreement. As part of conducting an Ohio Crim. R. 11 colloquy, Judge Cooper asked him if he was under the influence of any drugs, medication, or alcohol and Willenbrink answered that he was not, although he had been in the past (Plea Transcript, State Court Record, ECF No. 19-2. PageID 327). He also affirmed that he had not been under the influence at the time he signed the written plea form. Based on this statement and his appropriate answers to other questions during the colloquy, Judge Cooper found the plea to be knowing, intelligent, and voluntary. *Id.* Thus there is no factual basis in the trial court record on which the voluntariness of the plea as affected by medication could have been raised on direct appeal.

When a constitutional claim depends on evidence outside the direct appeal record, Ohio provides a remedy by way of a petition for post-conviction relief under Ohio Revised Code § 2943.21. Willenbrink never filed such a petition and the time within which he could have do so has long since expired. He has not tendered any proof of what the medication was or why it would have incapacitated him. This Court cannot accept any evidence outside the state court record to show what the medication was or its allegedly incapacitating effects. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The absence of any evidence that Willenbrink was rendered unable to plead, coupled with his own assertion on the record that he was not under medication influence at the plea, renders any claim based on that supposed condition to be without merit. On that basis, Grounds One, Two, Four, and Five should be dismissed; the same is true of Willenbrink's ineffective assistance of trial counsel claims insofar as they depend on his assertion his trial attorney should have discovered this supposed fact.

In Grounds Three and Six, Willenbrink claims he received ineffective assistance of appellate counsel. Claims of ineffective assistance of appellate counsel are judged on the same standard as claims of ineffective assistance of trial counsel, to wit, the test adopted in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show deficient performance and prejudice – the likelihood of a more favorable result if counsel has made the argument a petitioner claims was omitted.

In *Anders*, the Supreme Court recognized the propriety of filing a "no merits" brief if appointed appellate counsel finds no meritorious assignments of error. That is what counsel did here and the First District confirmed the propriety of his doing so. A criminal defendant does not have a right to have frivolous issues raised on appeal and Willenbrink has not shown there were

any non-frivolous assignments of error to be raised. His claims of ineffective assistance of appellate counsel are therefore without merit.

Moreover, Willenbrink's claims of ineffective assistance of appellate counsel are procedurally defaulted. Ohio's exclusive remedy of ineffective assistance of appellate counsel is an application to reopen the appeal. Here Willenbrink filed such an application, but it was dismissed as untimely. That satisfies the test for procedural default under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

With his Combined Petition, Willenbrink added a claim that he is actually innocent. Actual innocence does not support a stand-alone habeas corpus claim. Rather, appropriate proof of actual innocence provides a "gateway" by which a habeas petition can bypass procedural default or the stature of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner's asserted new evidence is the evidence underlying his claim under *Brady v. Maryland*, 373 U.S. 83 (1963). He asserts the State suppressed the results of a DNA paternity test ordered by the Common Pleas Court.

Willenbrink was indicted for unlawful sexual conduct, including rape, with two of his daughters, CA and CH over a long period of time. On at least two occasions, he impregnated CH who then bore living children. During the plea colloquy, the prosecutor, Mr. Tieger, stated:

> These were his natural daughters. And as a result of the rapes, CH.W. gave birth to two children; Noah, whose date of birth is 9/7/10. And Daisy, whose date of birth is 12/29 of 2015. And both have been confirmed by DNA to be his children, along with Cheyanne, who was confirmed by DNA to be his natural child. And these other kids were confirmed by DNA to be his children as well.

(Transcript, ECF No. 19-2, PageID 322). Thus far from concealing the existence of DNA results, the State put the facts on the record.

The DNA results in question certainly are not *Brady* material because they are inculpatory, not exculpatory. *Brady* extends only to evidence which is exculpatory; there is no constitutional obligation to disclose inculpatory evidence before trial.

As proof of the alleged *Brady* violation, Willenbrink has submitted what he asserts is a response from the Hamilton County Clerk of Courts to his request for DNA test results in the case (ECF No. 14, Ex. 1). On a copy of Willenbrink's request to the Clerk someone has handlettered "no record – not filed with clerk." *Id.* at PageID 136. The document is completely unauthenticated – anyone could have written those words. The absence of the DNA results from the Clerk of Courts file is not probative: had DNA test results been introduced in evidence, presumably they would have been part of the record on appeal. But there was no trial here. Finally, a deputy clerk's annotation on a letter is not evidence of the quality called for by *Schlup*.

8

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 12, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge